**FEBRUARY 25, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| ANCHOR PACKAGING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. **08 C 50028** |
| PLACON CORPORATION, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

**JUDGE KAPALA
MAGISTRATE JUDGE MAHONEY**

**COMPLAINT**

Plaintiff, Anchor Packaging, Inc. ("Anchor"), for its complaint against Defendant, Placon

Corporation ("Placon"), states as follows:

**THE PARTIES**

1.     Anchor is a corporation organized and existing under the laws of the State of

Missouri, with its principal place of business located at 13515 Barrett Station Parkway, St. Louis,

Missouri 63021-5880.

2.     Upon information and belief, Placon is a corporation organized and existing under

the laws of Wisconsin, with its principal place of business at 6096 McKee Road, Madison,

Wisconsin 53719.

**NATURE OF THE ACTION AND SUBJECT MATTER JURISDICTION**

3.     This is an action for patent infringement arising under the Patent Laws of the

United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281.

4.     This Court has subject matter jurisdiction over this Complaint pursuant to 28

U.S.C. §§ 1331 and 1338(a) and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

1

## PERSONAL JURISDICTION AND VENUE

5.      On information and belief, Defendant's products that are alleged to infringe are made, used, offered for sale or were sold in the Northern District of Illinois. This Court has personal jurisdiction over Defendant because Defendant has committed acts of infringement in this district, is deemed to reside in this district, does business in this district or has had systematic and continuous contacts in this district.

6.      Venue is proper in the Northern Judicial District of Illinois under 28 U.S.C. §§ 1391(b) and 1400 because Defendant is subject to personal jurisdiction herein and therefore is deemed to reside in the Northern District of Illinois.

## ALLEGATIONS COMMON TO ALL COUNTS

7.      Anchor is a designer and manufacturer of innovative food packaging products.

8.      Anchor is the owner of United States patent No. 6,786,351 ("the '351 Patent") for a domed food container, having particular applicability in the packaging and display of whole broasted or rotisserie-cooked chickens, bone-in turkey breasts, large casseroles, sides, and desserts. A copy of the '351 patent is attached hereto as Exhibit 1, and incorporated by reference herein. Such domed food containers are commonly known as "roasters" in the packaging and food preparation industries.

## COUNT I – PATENT INFRINGEMENT

9.      The allegations of paragraphs 1-8 above are repeated and realleged as if set forth fully herein.

10.     Upon information and belief Placon has individually and/or jointly and/or through inducement infringed the '351 Patent and continues to commit such acts of infringement by making, using, selling, offering for sale, and/or importing into the United States roaster products

under the name "Home Fresh," which roaster products embody the claims of the '351 Patent, and/or induce infringement of the '351 Patent, all in violation of 35 U.S.C. § 271.

11.    On July 12, 2007, Anchor, through its attorneys, notified Placon in writing that Placon's manufacture and sale of its Home Fresh roaster product infringed Anchor's rights as contained in the '351 Patent.  (A copy of this letter is attached hereto as Exhibit 2, and incorporated by reference herein).

12.    Placon's infringement has been willful.

13.    Anchor has been damaged as a result of the infringing activities of Placon and will continue to be damaged and irreparably harmed unless such activities are enjoined by this Court.

14.    Anchor has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Anchor prays that the Court enter a Judgment in favor of Anchor and against Placon:

A.    Finding that Placon has infringed one or more claims of the '351 Patent pursuant to 35 U.S.C. § 271;

B.    Finding that Placon's infringement has been willful;

C.    Ordering that Placon, its subsidiaries, officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with Placon, and each and all of them, be preliminarily and permanently enjoined from infringing, inducing infringement, and/or contributing to the infringement of the '351 Patent;

D.    Ordering the impoundment and destruction of all of Placon products that were made in violation of the '351 Patent;

3

E.     Ordering that Placon file with this Court and serve upon Anchor, within thirty (30) days after service of the Court's injunction, a report under oath setting forth in detail the manner and form in which it has complied with the Court's injunction;

F.     Awarding to Anchor a reasonable royalty or an amount sufficient to compensate Anchor for its losses resulting from Placon's infringement, inducement of infringement and contributory infringement of the '351 Patent in accordance with 35 U.S.C. §§ 154 and 284, and further awarding Anchor treble damages in accordance with 35 U.S.C. § 284;

E.     Finding that the case is exceptional in accordance with 35 U.S.C. § 285 and including therewith an Award to Anchor of its reasonable attorney's fees;

F.     Awarding Anchor both prejudgment and post-judgment interest and costs in accordance with 35 U.S.C. § 284;

G.     Assessing the cost of the action against Placon; and

H.     Awarding Anchor such other and further relief as the Court deems proper and appropriate under the circumstances.

Dated:  February 25, 2008                    Respectfully Submitted,

                                             ANCHOR PACKAGING

                                             By:  /robert v. jambor/
                                                     One of its attorneys

                                                     Robert V. Jambor (ID No. 1322222)
                                                     James M. Robertson (ID No. 6207542)
                                                     Mark A. Nieds (ID No. 6225737)
                                                     LEYDIG, VOIT & MAYER, LTD.
                                                     6815 Weaver Road, Suite 300
                                                     Rockford, IL 61114
                                                     Telephone:  (815) 963-7661
                                                     Facsimile:  (815) 963-7664
                                                     Email:  rjambor@leydig.com

4

Email:  jrobertson@leydig.com
Email:  mnieds@leydig.com

Don V. Kelly (ID No. 6197676)
GALLOP, JOHNSON & NEUMAN, L.C.
101 S. Hanley Road, Suite 1700
St. Louis, MO 63105
Telephone:  314-615-6000
Facsimile:  314-615-6001

# Exhibit 1



US006786351B2

(12) **United States Patent**　　　　(10) **Patent No.:　US 6,786,351 B2**
Krueger　　　　　　　　　　　　　　(45) **Date of Patent:　　Sep. 7, 2004**

(54) **DOMED FOOD CONTAINER**

(75) Inventor: **Kevin Krueger**, Fenton, MS (US)

(73) Assignee: **Anchor Packaging, Inc.**, St. Louis, MO (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 146 days.

(21) Appl. No.: **09/970,273**

(22) Filed: **Oct. 3, 2001**

(65) **Prior Publication Data**

US 2003/0062365 A1 Apr. 3, 2003

(51) Int. Cl.$^7$ ................................................. **B65D 1/34**
(52) U.S. Cl. ...................... **220/571**; 220/780; 220/745; 206/508
(58) Field of Search ........................ 220/780, DIG. 27, 220/698, 745, 748, 749, 366.1, 913, 367.1, 571; 206/508

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,084,084 A | * | 6/1937 | Greer .......................... 220/798 |
| 2,207,210 A | * | 7/1940 | Von Knauf .................. 220/799 |
| 2,814,381 A | | 11/1957 | Stevick |
| 2,885,108 A | * | 5/1959 | Donoghue .................. 220/798 |
| 3,090,537 A | | 5/1963 | Pasciak |
| 3,912,118 A | | 10/1975 | Bird |
| 4,208,006 A | | 6/1980 | Bixler et al. |
| 4,563,561 A | | 1/1986 | Vaeth et al. |
| 4,583,348 A | | 4/1986 | Treiber et al. |
| 4,660,716 A | | 4/1987 | McMahon et al. |
| 4,705,172 A | | 11/1987 | Gage |
| 4,705,588 A | | 11/1987 | Treiber |
| 4,844,263 A | | 7/1989 | Hadtke |
| D305,409 S | | 1/1990 | Michaud et al. |
| 4,958,479 A | | 9/1990 | Treiber |
| 5,012,061 A | | 4/1991 | Lesser |
| 5,114,766 A | | 5/1992 | Jacques |
| D334,141 S | | 3/1993 | Gottofredi |

| | | | |
|---|---|---|---|
| 5,236,119 A | | 8/1993 | Chu |
| 5,259,170 A | | 11/1993 | Tolson |
| 5,269,430 A | | 12/1993 | Schlaupitz et al. |
| D342,896 S | | 1/1994 | Gottofredi |
| 5,310,981 A | | 5/1994 | Sarnoff et al. |
| 5,335,787 A | | 8/1994 | Finchum et al. |
| D352,454 S | | 11/1994 | Krupa |
| 5,363,978 A | | 11/1994 | Molo |
| 5,377,860 A | | 1/1995 | Littlejohn et al. |
| 5,381,901 A | | 1/1995 | Hundley |
| 5,387,781 A | | 2/1995 | Berkoff |
| 5,519,195 A | | 5/1996 | Keefer et al. |
| 5,584,409 A | | 12/1996 | Chemberlen |
| 5,603,198 A | | 2/1997 | Rimondi |
| 5,607,709 A | | 3/1997 | Fritz et al. |
| D388,324 S | | 12/1997 | Bonnard |
| D388,699 S | | 1/1998 | Hayes et al. |
| 5,705,213 A | | 1/1998 | Guillin |
| 5,747,084 A | | 5/1998 | Cochran et al. |
| 5,750,967 A | | 5/1998 | Sprauer, Jr. |
| D398,847 S | | 9/1998 | Wyslotsky et al. |
| 5,806,703 A | | 9/1998 | Grandi |
| D400,099 S | | 10/1998 | Brauner |
| 5,887,749 A | | 3/1999 | Schommer et al. |
| 5,897,011 A | | 4/1999 | Brilliant et al. |
| 6,189,725 B1 | * | 2/2001 | Monico ...................... 220/698 |
| 6,293,624 B1 | * | 9/2001 | Bowsher et al. ............ 366/130 |

* cited by examiner

*Primary Examiner*—Joseph Man-Fu Moy
*(74) Attorney, Agent, or Firm*—Polsinelli Shalton Welte Suelthaus PC

(57) **ABSTRACT**

A food container preferably for heated food, has a lid member and a base member. The base member has complimentary embossed portions in the bottom of the base member to engage a complimentary indented portion in the top surface of the lid member. The retaining mechanism allows containers to be stacked so as to secure each container while allowing steam to escape from the lid of a container. Also, a fluid return system retains fluid in the container and promotes flow of fluid into the bottom of the container.

**31 Claims, 14 Drawing Sheets**





FIG. 1



FIG.2



FIG.3



FIG.4.



FIG. 5



FIG. 6



FIG. 7



FIG.8



FIG.9



FIG.10



FIG.11



FIG.12



FIG.13



FIG.14



FIG.15

US 6,786,351 B2

1

**DOMED FOOD CONTAINER**

BACKGROUND OF THE INVENTION

The technical character of the present invention relates in general to food containers used in storing and displaying heated foods and pertains more particularly to chicken roaster containers. The food container of this invention is an improvement over conventional chicken roaster packages in that it features a fluid channel return system and an improved stacking system incorporating a steam escape mechanism in the lid and a retaining mechanism in both the base and in the lid.

Food containers similar to the present invention are often used in scenarios where a person will prepare and sell a food item so that it is prepared and immediately ready to eat. When people purchase food contained in the food containers, oftentimes the containers are not kept in a flat surface such that condensation and oils leak from the container.

A technical problem recognized with respect to conventional food containers relates to leakage of condensation and oils from the container through the seal area. Interlocking arrangements of conventional food containers do not consistently or effectively retain the liquid or prevent condensation or oil from seeping through the interlocking arrangement of a food container.

In addition, with the conventional base and cover combination it is generally necessary to guard against release of steam and hot liquid when removing the cover after heating any food. For example, it is common to place one or more vent openings in the base, the cover, or both in order to allow the escape of steam generated during heating. Conventional food service industry container packaging is often inadequate and does not provide a lid and container that fit together to provide more than minimally acceptable leak resistance. A drawback with conventional food containers includes an inability to provide more than minimally acceptable leak resistance during transportation of the package with heated contents or during the removal of the lid.

Existing lid and container combinations exhibit additional drawbacks, such as lack of acceptable effectiveness with respect to segmented containers, particularly if the food container includes a steam escape feature. A drawback to the steam escape feature exists in either the release of too much or too little steam. If too much steam is allowed to escape from the base and cover combination, then dry food may be the result. Likewise, if steam does not escape from a container, then too much condensation may collect within the container, resulting in food that is too moist.

Another technical problem associated with conventional food containers relates to the loss of liquid from inside the base and cover combination during heating. The heating of the liquid within the base and cover combination may assist the heating process since at least a portion of the heat is absorbed by the liquid is transferred to the food. A reduction of this liquid within the base and cover combination could result in food that is not heated to a desired temperature.

Another technical problem associated with conventional food containers is that some containers do not feature a steam escape mechanism. If conventional containers do contain such a mechanism, such a mechanism does not promote or allow containers to be stacked efficiently, such that steam can escape when the containers are assembled and stacked.

Another technical problem associated with conventional food containers is that rarely do food containers contain any

2

kind of mechanism to easily separate the lid from the bottom when the food container is assembled.

Thus, the foregoing solutions to the problem of excess moisture generated during heating of the food in the base and cover combination potentially creates additional problems related to the manner in which the base and cover combination functions and the manner in which the consumer reacts to the heated food. A desirable solution to this and related problems of heating and palatability of the food would provide a mechanism for the release of some liquid and return it back into the base and cover combination.

Accordingly, it is an object of the present invention to provide a food container with improved performance relative to the performance of other food containers for use in heating or transporting foods. With the food container of this invention, food, as well as the condensation and any oils or other liquid from the food, may be retained within the container without accidental leakage. In addition, when the container is assembled, the containers can be stacked in such a way that will reduce the likelihood that the stack of containers will fall. Moreover, when the containers are assembled and stacked, steam may still escape from the stacked, individual containers.

These and other objects and features of the present invention will be better understood and appreciated from the following detailed description of one embodiment thereof and the descriptions of the figures, selected for purpose of illustration and shown in the accompanying drawings.

SUMMARY OF THE INVENTION

Embodiments, including the technical features of the invention for which protection is sought, are illustrated and described herein and include a food container generally comprising a base and a lid, which have the features as herein described. The food container of the present invention addresses the aforementioned technical problems by retaining fluid such as condensation and oil and by promoting the downward flow of the fluid into the base member of the container. When the lid is engaged with the base of the container, the leakage of excess fluid is inhibited by the fluid return system. The fluid return system comprises one or more notches in the upper rim, sidewalls, and a channel in the upper rim of the base member. The positioning of the notches, the location of rib members around the lid member and the base member, and the positioning and variety of heights of the walls in the upper edge rim of the base, promote the retention of fluid within the container.

The present invention also overcomes technical problems found in conventional food containers by allowing steam to escape when containers are assembled and stacked. The containers remain restrained by a retaining mechanism formed into the lid and the base.

The present invention also provides tabs in both the base and the lid of the container to promote easy removal of the lid from the base.

These and other objects and features of the present invention will be better understood and appreciated from the following detailed description of one embodiment thereof, selected for purposes of illustration and shown in the accompanying drawings.

BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a perspective view of the food container of the present invention when the lid member is connected with the base member such that the container is in the assembled state;

US 6,786,351 B2

| 3 | 4 |

FIG. 2 is a side view of the food container of the present invention when the container is assembled;

FIG. 3 is another side view of the food container of the present invention when the container is assembled, showing the length of the food container;

FIG. 4 is plan view of the interior of the base member of the present invention;

FIG. 5 is plan view of the exterior or bottom of the base member of the present invention;

FIG. 6 is plan view of a complimentary embossed portion in the base member;

FIG. 7 is a perspective view of the notches that partially form the fluid return channel system of the present invention;

FIG. 8 is plan view of the lid member of the present invention;

FIG. 9 is a side view of the lid member of the food container;

FIG. 10 is another side view of the lid member of the food container, showing the length of the lid member;

FIG. 11 is a cross-sectional view taken along line 11—11 in FIG. 8;

FIG. 12 is a cross-sectional view taken along line 12—12 in FIG. 2;

FIG. 13 is a cross-sectional view taken along line 13—13 in FIG. 2;

FIG. 14 is a cross-sectional view of the length of two assembled food containers of the present invention when one container is stacked upon the other; and

FIG. 15 is another cross-sectional view of two assembled food containers of the present invention when one container is stacked upon the other.

DETAILED DESCRIPTION

Referring now to the drawings, there are shown preferred embodiments for the food container of this invention, including the technical features of the invention for which protection is sought. The food container is described in connection with a chicken roaster where a chicken is prepared and stored in the present invention. The food container has at least two distinguishing features over the prior art, which are a fluid return channel system and a retaining system when containers are stacked. The fluid channel return system comprises a series of channels formed in the upper rim of the base member. The system prevents leakage when the lid member and base member are engaged, and it promotes the downward flow of moisture into the base member. The stacking system features a steam escape feature and a retaining mechanism formed in the lid and the base by a plurality of various height arrangements and a fluid channel return system. The steam escape mechanism allows steam to escape when the containers are stacked and contain either heated or frozen contents.

The drawings show the food container or chicken roaster package 10 generally comprising a lid 12 and a base 14. The chicken roaster package 10 includes a fluid return channel system 18, which generally comprises one or more notches 30 and a plurality of sidewall ribs 20 formed in the sidewall 56. The system may also include a lid member lock rim 110.

The base member bottom comprises a series of channels and ribs such that the food retained in the container is elevated from residual condensation and oils. Specifically, the base member 14 comprises a base bottom 32, sidewall 56, and an upper rim 98, wherein the fluid return channel

system is formed into the upper rim 98 and the sidewalls 56. The base bottom also includes a series of channels including at least two outer edge channels 78. The channels 78 and the returning channel 48 cooperate in the base member of the container to retain of any moisture or fluid from the heated food or the condensation formed from food that is defrosting in the container. Each 78 is formed by rib members 54 and 84. Generally, the rib members comprising the uniform rib member 68 and rib members 84 complimentary embossed portions 34, 66, and the retaining mechanism 36 support a food item.

The fluid return channel system is best shown in the embodiment in FIG. 7. In a preferred embodiment, the fluid return channel 30 comprises two undercuts forming a notch 30 having a vertex 120 in the base member upper rim 98 to promote the downward flow of fluid into the base member bottom, wherein each notch 30 is an acute angle formed in the upper edge of the base member 14. It is understood that the fluid return channel may comprise a notch, as shown and described, or another specific shape or indentation in the base member upper rim 98 that would promote the downward flow of liquid or into the base member as well as the retention of any liquid in the base member of the container.

In one preferred embodiment of the invention, nine fluid return channels, or notches, 30 are formed into the base member upper rim 98. It is understood by one skilled in the art that any number of these fluid return channels in the base bottom member will promote downward flow of moisture and achieve the desired results of the present invention. FIG. 4 shows the notches 30 placed at various intervals and surrounding the base member upper rim 98. FIG. 7 shows a notch 30 that is formed in the base member upper rim 98 of the base member 14, interrupting the continuous formation of the base member rim 98.

The base member also includes a retaining mechanism 36, which comprises a series of channels and embossed portions, as shown in FIG. 15. More specifically, a series of embossed portions 86 and a series of channels 88, 90 in between the portions 86 form a uniform shape in the base bottom 32. The uniform shape of the retaining mechanism will be complementary to the shape of the lid member retaining mechanism 38. The elevated uniform shape of the raised portions 86 forms a base member retaining inner area 96. In one preferred embodiment illustrated in FIG. 15, the plurality of raised portions 86 act as a gripping mechanism for the food item placed in the container. It is understood, however, that the retaining inner area 96 may comprise a flat surface instead of a plurality of raised portions 86.

The elevated feature of inner area 96 necessarily forms a base member returning channel 48, and the uniform base rib 68 further comprises the retaining feature.

The base member 14 and the lid member 12 are held together by an interlocking arrangement 28. FIG. 12 shows the interlocking arrangement 28 of the present invention where the base member 14 is engaged with the lid member 12 at a point where the fluid channel return notch 30 is not located. At this section of the container, the base member edge lock rim 102 engages lid member lock rim 110. The base member edge lock rim 102 comprises a base member edge lock rim upper portion 104 and base member interior walls 128, 130. The base member interlocking channel 132 comprises opposing interior walls 128, 130 connected by base member edge lock rim upper portion 104. The base member edge lock rim upper portion 104 is formed by the intersection of base member upper interior walls 136, 138. The intersection of base member upper interior walls 136, 138 also forms a base member rim groove 100 in the upper rim 98.

US 6,786,351 B2

7

8

Intermediate surfaces 58, 70 comprise the base member uniform rib 68.

Transition portions connect the various surfaces, and comprise upper embossed transition portion 62, 74 and a lower embossed transition portion 64, 76. The lower embossed transition portions 64, 76 comprise sidewalls and form part of the base member returning channel 48.

In a preferred embodiment, the upper surface 72 is at a location higher than the retaining mechanism in the base bottom member 36 of the base 14. Therefore, the food held within the present invention initially contacts the base member embossed portion upper surface 60, 72. Both transition portions 62, 74 and 64, 76 allow and promote the flow of juice and fluid from a chicken, for example, held within the food container 10 to flow to the bottom of the container 14.

The three layer embodiment of the base member embossed portion 34 and 66 allows the base member retaining mechanism 36 and the complementary lid member retaining mechanism 38 to effectively remain engaged while steam escapes from the vented lid member openings 16. The lid member flaps 26 may contact the upper surface 60, 72 of the embossed portions 34, 66 when the containers are stacked, as shown in FIG. 14.

The present invention also includes one or more tabs in the lid member 12 and in the base member 14. Lid member tabs 24 are formed by cut-outs from the lid member outer edge 140. The lid member tab 24 includes an upper surface 154 and a lower surface 156 that remain exposed. Likewise, a tab 40 in the base member 14 comprises an upper surface 150 and a lower surface 152. The shape of tabs 40 in the rim outer edge 142 are such that the upper surface 150 remains uncovered by the lid member outer edge 140 when the lid member and base member are engaged by the interlocking arrangement 28.

In operation, each lid member 12 retains the base member 14 by retaining the base member retaining mechanism 36. The lid member retaining mechanism 38 is formed in the lid member in a shape complementary to the general shape of the base member retaining mechanism 36. The lid member retaining mechanism 38 is formed by an embossed retaining surface 42, a retaining sidewall 44, and upper surface 46. The base member retaining mechanism 36 is formed by a plurality of raised portions 86 that comprise an inner area 96 having a uniform shape. The retaining mechanism also includes a uniform base rib 68, wherein the base rib 68 and the inner retaining area 96 form a retaining channel 48.

Generally, the height of lid member sidewall 44 and corresponding base member retaining exterior sidewall 50 have a uniform shape and determines the effectiveness of the retaining mechanism. In one preferred embodiment, the height of the retaining sidewall 44 ranges from 1/8 inch to 1/2 inch where the engaging mechanism of each the base member and the lid member has a uniform shape; therefore, the height of the respective sidewall is uniform throughout. Accordingly, the engaging mechanism exterior sidewall 50 will range from approximately 1/8 inch to 1/2 inch, enabling the base member engaging 36 to be effectively retained within the lid member retaining mechanism 38.

When the lid member retaining mechanism 38 is engaged with the base member retaining mechanism 36, the lid member flaps 26 may contact the upper surface of the embossed portion 60, 72.

Having described the invention in detail, those skilled in the art will appreciate that modifications may be made of the invention without departing from its spirit. Therefore, it is not intended that the scope of the invention be limited to the specific embodiment illustrated and described. It is not intended that the scope of the invention be limited to the specific embodiments illustrated and described.

What is claimed is:

1. A food container comprising:
   a lid member, the lid member including a retaining mechanism;
   a base member, the base member including a fluid channel return system and a retaining mechanism complementary with the lid member retaining mechanism;
   and an interlocking arrangement in the lid member and the base member that secures the base member and the lid member.

2. The food container as set forth in claim 1 wherein the base member comprises a base bottom, sidewalls, an upper rim, and a series of channels.

3. The food container as set forth in claim 2 wherein the series of channels comprise a first base member outer edge channel and a second base member outer edge channel.

4. The food container as set forth in claim 1 further comprising a fluid return channel system comprising a fluid return channel.

5. The food container as set forth in claim 4 wherein the fluid return channel comprises one or more notches in the fluid return channel, whereby a vertex in the notch promotes the downward flow of fluid into the base member bottom.

6. The food container as set forth in claim 4 wherein the fluid return channel system further comprises a plurality of sidewall ribs formed into the upper rim and sidewalls of base member.

7. The food container as set forth in claim 4 wherein the fluid return channel system further comprises a base member lock rim.

8. The food container as set forth in claim 1 wherein the fluid channel return system comprises nine notches in an upper rim of the base member.

9. The food container as set forth in claim 8 wherein the shape of the retaining mechanism is formed by a plurality of embossed portions and channels.

10. The food container as set forth in claim 8 wherein the shape of the retaining mechanism is formed by a retaining inner area having a flat surface.

11. The food container as set forth in claim 8 wherein the retaining mechanism further comprises a uniform rib in the base member whereby the rib member contacts an upper surface of the lid member to retain the base member and the lid member.

12. The food container as set forth in claim 8 further comprising at least two complementary base member embossed portions.

13. The food container as set forth in claim 12 further comprising embossed portions comprising a plurality of elevated and incrementally spaced surfaces formed in the base member.

14. The food container as set forth in claim 12 wherein the embossed portions are formed by a base bottom inner surface, a base member embossed portion intermediate surface, and a base member embossed upper surface.

15. The food container as set forth in claim 1 wherein the interlocking arrangement in the base member comprises a base member lock rim.

16. The food container as set forth in claim 15 wherein the base member lock rim formed a channel further comprises a base member edge lock rim upper portion and base member interior walls.

17. The food container as set forth in claim 16 wherein the base member edge lock rim upper portion is formed by the

US 6,786,351 B2

9

10

intersection of upper interior walls whereby the intersection of the upper interior walls forms a groove in the base member lock rim.

**18.** The food container as set forth in claim **1** wherein the interlocking arrangement in the lid member comprises a lid member lock rim.

**19.** The food container as set forth in claim **18** wherein the lid member lock rim comprises a channel in the lid member formed by lid member interior sidewalls intersecting with lid member lock rim top wall.

**20.** The food container as set forth in claim **1** wherein the lid member further comprises steam escape openings formed in a vented extension of the lid member.

**21.** The food container as set forth in claim **20** wherein the vented extension in the lid member comprises a vented extension wall and an upper surface.

**22.** The food container as set forth in claim **20** wherein the steam escape openings are formed by flaps in the vented extension lid member.

**23.** The food container as set forth in claim **20** wherein the shape of the retaining mechanism, is formed by a plurality of embossed portions and channels, and wherein the shape of the embossed portions is complementary to the shape of the vented extension of the lid member.

**24.** The food container as set forth in claim **1** wherein tabs for formed by cut-outs in an outer edge of the lid member and in an outer edge of the base member.

**25.** The food container as set forth in claim **1** wherein the lid member retaining mechanism is formed by an embossed surface, a sidewall, and an upper surface.

**26.** A food container comprising:

a lid member, the lid member including a retaining mechanism, wherein the retaining mechanism is formed by an embossed surface, a sidewall, and an upper surface;

a base member, the base member including a fluid channel return system and a retaining mechanism complementary with the lid member retaining mechanism, wherein the fluid channel return system comprises one or more notches in a fluid return channel, a plurality of sidewall ribs from into an upper rim and sidewall of the base member, and a base member lock rim and wherein the retaining mechanism is formed by a retaining inner area comprising a plurality of embossed portions and channels, a uniform rib, at least two embossed portions comprising a plurality of elevated and incrementally spaced surface having a shape complementary to a vented extension in the lid member; and

an interlocking arrangement in the lid member and the base member that secures the base member with the lid member to form the container.

**27.** A food container comprising:

a lid member, the lid member including a retaining mechanism, wherein the retaining mechanism is formed by an embossed surface, a sidewall, and an upper surface;

a base member, the base member including a fluid channel return system and a retaining mechanism complemen-

tary with the lid member retaining mechanism, wherein the fluid channel return system comprises one or more notches in a fluid return channel, a plurality of sidewall ribs from into an upper rim and sidewall of the base member, and a base member lock rim and wherein the retaining mechanism is formed by a retaining inner area having a flat surface, a uniform rib, at least two embossed portions comprising a plurality of elevated and incrementally spaced surface having a shape complementary to a vented extension in the lid member; and

an interlocking arrangement in the lid member and the base member that secures the base member with the lid member to form the container.

**28.** A food container comprising:

a lid member, the lid member including a vent, the lid member including a lid retaining mechanism, wherein the lid retaining mechanism is formed by an embossed shape in the lid member;

a base member, the base member including a fluid channel return system and a base retaining mechanism complementary with the embossed shape of the lid retaining mechanism;

wherein the fluid channel return system comprises: one or more notches in an upper rim of the base member and a plurality of sidewall ribs in the base member;

an interlocking arrangement of the lid member and the base member that secures the lid member with base member to form the food container;

wherein the base member further comprises an embossed channel, a groove, or a combination thereof to provide for the passage of gases, moisture, or mixtures thereof when the base member is stacked on a second lid member having a second vent and a second embossed shape complementary to the base retaining mechanism.

**29.** A food container comprising:

a lid member, the lid member comprising an embossed surface, a sidewall, and an upper surface, the upper surface further comprising openings, slits, or vents;

a base member, the base member comprising a plurality of sidewall ribs, an upper rim, a base member lock rim, the upper rim comprising one or more notches;

a bottom surface of the base member comprising a protruding surface complementary to the embossed surface of the lid member;

at least one channel in the bottom surface of the base member, wherein the channel is adjacent to the protruding surface, wherein the channel is adjacent to the openings, slits or vents of the lid member when the embossed surface of the lid member receives the protruding surface of the base member.

**30.** The food container according to claim **29** wherein the upper rim has nine notches.

**31.** The food container according to claim **29** wherein the upper rim comprises at least two rims.

\* \* \* \* \*

# Exhibit 2

# GJN

## GALLOP, JOHNSON & NEUMAN, L.C.

### *Attorneys and Counselors at Law*

John W. Kepler, III
Direct Dial: 314-615-7211
Email: jwkepler@gjn.com

101 South Hanley
Suite 1700
St. Louis, Missouri 63105

Telephone  314-615-6000
Facsimile  314-615-6001
Toll Free   800-330-6635

www.gjn.com

July 12, 2007

**VIA CERTIFIED MAIL –
RETURN RECEIPT REQUESTED**

Placon Corporation
6096 McKee Road
Madison, Wisconsin 53719

Re:  **Enforcement of U.S. Patent 6,786,351
(DOMED FOOD CONTAINER)**

Dear Sirs:

This office represents Anchor Packaging, Inc., owner of the above-referenced patent (the "'351 Patent"), pertinent to food containers. Please address all communication regarding this matter to our attention.

On behalf of Anchor Packaging, Inc. and in the spirit of prudent competition, we are alerting Placon Corporation to the '351 Patent. We are also writing you to confirm your actual knowledge of the fact that Placon's Homefresh Rotisserie container, model number RT10 ("Placon Roaster") exhibits several features claimed as protected inventive concepts in the '351 Patent.

As a gesture of good faith, we are willing at this time to presume that Placon Corporation was unaware of the existence of the '351 Patent and the fact that one or more of that patent's claims read on the Placon Roaster. In particular and not by way of limitation, we request that you examine the Placon Roaster in light of claims 1, 2, 4, 6, 7, 15, 16, 18, 19 and 24 of the '351 Patent.

We trust that Placon Corporation honors the intellectual property rights of others. Should you wish to discuss this matter further, including the availability of a license on the features protected by the '351 Patent, please feel free to contact us. In the meantime, it is our client's policy in



**GALLOP, JOHNSON & NEUMAN, L.C.**
*Attorneys and Counselors at Law*

Placon Corporation
July 12, 2007
Page 2

these matters to place your container on a watch list and to take the appropriate action in a timely manner.

Very truly yours,

GALLOP, JOHNSON & NEUMAN, L.C.

John W. Kepler, III

JWK/dvk

cc:  Anchor Packaging, Inc.