IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

---

ANCHOR PACKAGING, INC.,

        Plaintiff,                Case No. 08 C 50028

    v.                                Honorable Frederick J. Kapala

PLACON CORPORATION,                Magistrate Judge P. Michael Mahoney

        Defendant.

---

### PLACON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

---

Placon Corporation (Placon), by its attorneys Michael Best & Friedrich LLP, hereby answers Anchor Packaging, Inc.'s (Anchor's) complaint as follows:

### THE PARTIES

1.    Anchor is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located at 13515 Barrett Station Parkway, St. Louis, Missouri 63021-5880.

ANSWER:    Placon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2.    Upon information and belief, Placon is a corporation organized and existing under the laws of Wisconsin, with its principal place of business at 6096 McKee Road, Madison, Wisconsin 53719.

ANSWER:    Admit.

## NATURE OF THE ACTION AND SUBJECT MATTER JURISDICTION

3.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States code, including 35 U.S.C. §§ 271 and 281.

ANSWER:     Placon admits that this is an action for patent infringement and that Title 35 applies to patent infringement actions.  Placon denies that Placon has committed any acts of infringement.

4.     This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

ANSWER:     Placon admits that the allegations in the complaint are sufficient to create subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Placon is without knowledge or information sufficient to form a belief as to the truth of whether Anchor has standing to pursue this suit and therefore denies it and leaves Anchor to its proof.

## PERSONAL JURISDICTION AND VENUE

5.     On information and belief, Defendant's products that are alleged to infringe are made, used, offered for sale or were sold in the Northern District of Illinois. This Court has personal jurisdiction over Defendant because Defendant has committed acts of infringement in this district, is deemed to reside in this district, does business in this district or has had systematic and continuous contacts in this district.

ANSWER:     Placon admits that personal jurisdiction over it is proper in this judicial district.  Placon denies the remaining allegations of paragraph 5.

6.     Venue is proper in the Northern Judicial District of Illinois under 28 U.S.C. §§ 1391(b) and 1400 because Defendant is subject to personal jurisdiction herein and therefore is deemed to reside in the Northern District of Illinois.

ANSWER:     Admit.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Anchor is a designer and manufacturer of innovative food packaging products.

ANSWER: Placon is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 7 and therefore denies it.

8. Anchor is the owner of United States Patent No. 6,786,351 ("the '351 Patent") for a domed food container, having particular applicability in the packaging and display of whole broasted or rotisserie-cooked chickens, bone-in turkey breasts, large casseroles, sides, and desserts. A copy of the '351 patent is attached hereto as <u>Exhibit 1</u>, and incorporated by reference herein. Such domed food containers are commonly known as "roasters" in the packaging and food preparation industries.

ANSWER: Placon admits that the '351 patent relates to a domed food container. Upon information and belief, Placon denies that a complete copy of the '351 patent is attached as Exhibit 1 to the complaint and states that columns 5 and 6 of the '351 patent are not included in Exhibit 1. Placon is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 8 and therefore denies them.

## COUNT - PATENT INFRINGEMENT

9. The allegations of paragraphs 1-8 above are repeated and realleged as if set forth fully herein.

ANSWER: Placon reincorporates its answers to paragraphs 1 - 8 above.

10. Upon information and belief, Placon has individually and/or jointly and/or through inducement infringed the '351 Patent and continues to commit such acts of infringement by making, using, selling, offering for sale, and/or importing into the United States roaster products under the name "Home Fresh," which roaster

- 3 -

products embody the claims of the '351 Patent, and/or induce infringement of the '351 Patent, all in violation of 35 U.S.C. § 271.

ANSWER:   Deny.

11.   On July 12, 2007, Anchor, through its attorneys, notified Placon in writing that Placon's manufacture and sale of its Home Fresh roaster product infringed Anchor's rights as contained in the '351 Patent. (A copy of this letter is attached hereto as Exhibit 2, and incorporated by reference herein).

ANSWER:   Placon admits that it received a copy of the letter attached as Exhibit 2.

Placon denies the remaining allegations in paragraph 11.

12.   Placon's infringement has been willful.

ANSWER:   Deny.

13.   Anchor has been damaged as a result of the infringing activities of Placon and will continue to be damaged and irreparably harmed unless such activities are enjoined by this Court.

ANSWER:   Deny.

14.   Anchor has no adequate remedy at law.

ANSWER:   Deny.

## AFFIRMATIVE DEFENSES

1.   One or more claims of the '351 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code, including §§ 102, 103 and 112 thereof.

    2.    Placon has not directly or otherwise infringed, contributed to the infringement of, or induced the infringement of any valid, enforceable claim of the '351 patent.

    3.    Anchor is estopped from construing any valid, enforceable claim of the '351 patent to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, and/or offered for sale by Placon because of admissions and statements made to the United States Patent and Trademark Office ("PTO") during prosecution of the application leading to issuance of the '351 patent.

    4.    Upon information and belief, Anchor's claims are limited in whole or in part by operation of 35 U.S.C. § 287.

    5.    Placon reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case.

### PLACON'S COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

Defendant Placon counterclaims against Anchor as follows:

    1.    This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 2201, 1331 and 1338.

    2.    By filing the complaint, Anchor has consented to the personal jurisdiction of this Court.

3.   Venue is proper in this district under 28 U.S.C. §§ 1391 and/or 1400.

4.   United States Patent No. 6,786,351 (the '351 patent) was issued by the United States Patent and Trademark Office on September 7, 2004.

5.   In view of the filing by Anchor of this suit and Placon's defenses, an actual controversy has arisen and now exists between the parties as to the validity, enforceability, and alleged infringement by Placon of the '351 patent.

6.   Placon has not directly, indirectly, contributorily, by inducement, or otherwise infringed any valid claim of the '351 patent, nor is it directly, indirectly, contributorily, by inducement, or otherwise infringing any valid claim of the '351 patent.

7.   The claims of the '351 patent are invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code, including §§ 102, 103 and 112 thereof.

**PRAYER FOR RELIEF**

WHEREFORE, Placon respectfully requests:

A.   That the complaint filed by Plaintiff against Placon be dismissed in its entirety with prejudice, that judgment be entered in favor of Placon and against Plaintiff on all claims set forth in the complaint, and that Plaintiff be denied all relief requested from Placon in the complaint;

B.   That the Court enter a declaratory judgment that Placon has not infringed and is not infringing any claim of the '351 patent;

    C.    That the Court enter a declaratory judgment that the '351 patent is invalid;

    D.    That the Court award Placon its reasonable attorneys' fees, costs, and expenses in this action pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

    E.    That the Court grant Placon such other further relief as it may deem just and proper.

## JURY DEMAND

Placon hereby demands trial by jury on all issues so triable.

Dated: March 20, 2008.        Respectfully submitted,

s/ Gilberto E. Espinoza
Jeffrey S. Ward
Gilberto E. Espinoza
**MICHAEL BEST & FRIEDRICH LLP**
180 North Stetson Avenue, Suite 2000
Chicago, IL 60601
Ph: 312-222-0800
Fax: 312-222-0818
Email: jsward@michaelbest.com
       geespinoza@michaelbest.com

*Attorneys for Defendant Placon Corporation*

## CERTIFICATE OF SERVICE

     I, Susan Bunge, hereby certify that on the 20th day of March, 2008, a true and correct copy of Placon Corporation's Answer, Affirmative Defenses and Counterclaims was served via email and U.S. Mail on the following counsel of record:

Robert V. Jambor
James M. Robertson
Mark A. Nieds
Leydig, Voit & Mayer, Ltd.
6815 Weaver Road, Suite 300
Rockford, IL  61114
Email: rjambor@leydig.com
       jrobertson@leydig.com
       mnieds@leydig.com

Don V. Kelly
Gallop, Johnson & Neuman, L.C.
101 South Hanley Road, Suite 1700
St. Louis, MO  63105
Email: dvkelly@gjn.com


                              /s/ Susan Bunge