UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ANCHOR PACKAGING, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PLACON CORPORATION )<br>)<br>Defendant. ) | Judge Frederick J. Kapala<br>Magistrate Judge P. Michael Mahoney<br><br>Case No. 08-CV-50028 |

**PARTIES' PROPOSED CASE MANAGEMENT ORDER**

PURSUANT TO Fed. R. Civ. P. 26(f), a brief telephonic meeting was held on May 20, 2008 and was attended by:

Robert Jambor, attorney for Plaintiff and Edward Pardon, attorney for Defendant.

There was not agreement on all issues. Where applicable each party's position is set forth:

I.      The Fed. R. Civ. P. 26(a)(1) material will be exchanged by June 17, 2008.

II.      Alternative Dispute Resolution Mediation. Counsel hereby certifies that their clients will read the Pamphlet governing the Court's mediation program, that counsel will discuss with their respective clients the available dispute resolution options provided by the Court and private entities, and that counsel will give an estimation of the fees and expenses reasonably expected to be incurred through an early successful mediation. Counsel certifies that they will discuss the available ADR options with their clients and have considered how this case might benefit from those options. Lastly, if this is a fee shifting case, defense counsel certifies that they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment.

Plaintiff and Defendant indicated a desire to consider ADR.

III. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

a. Discovery will be needed on the following subjects:

Plaintiff seeks discovery on:

1. Development of Placon roaster;
2. Manufacturing and engineering plans for Placon roaster;
3. Information regarding any other roasters sold or developed by Defendant;
4. Information regarding third party roasters known to Defendant;
5. Any alleged prior art known to Defendant, including any searches done;
6. Knowledge of Anchor's roasters and patent;
7. Defendant's proposed claim construction; and
8. Sales of roasters by Defendants.

Defendant seeks discovery on:

1. Development of Anchor roaster;
2. Manufacturing and engineering plans for Anchor roaster;
3. Information regarding any other roasters sold or developed by Plaintiff;
4. Information regarding third party roasters known to Plaintiff;
5. Any alleged prior art known to Plaintiffs, including any searches done;
6. Plaintiff's pre-filing investigation;
7. Plaintiff's proposed claim construction; and
8. Plaintiff's claim for damages including such related topics as sales, licenses, attempts to license, and willfulness;
9. Information related to the validity of the patent and related secondary considerations;

        10. Information related to the prosecution of the patent-in-suit;

        11. Information related to Plaintiff's standing to maintain this action;

        12. Information related to any claim for injunctive relief; and

        13. Information related to prior art that may be in the possession or control of third parties.

b. The "default" rules in the Federal Rules of Civil Procedure govern any limitations on written discovery.

c. The "default" rules in the Federal Rules of Civil Procedure govern any limitations on written discovery.

d. Each deposition shall be limited to a maximum of 7 hours unless extended by agreement of the parties;

e. The parties request fact discovery cut-off on claim construction issues is set for November 14, 2008. Claim construction hearing set for December, 2008. Defendant requests that the Court establish a briefing schedule for claim construction. The parties propose that the final fact discovery cut-off set for April 17, 2009.

f. The parties propose that Rule 26(a)(2) report from retained experts for the Plaintiff under Rule 26(a)(2) due on or before May 15, 2009. Deposition of Plaintiff's expert shall be taken by June 15, 2009. Report from retained expert for Defendant under Rule 26(a)(2) due on or before July 15, 2009. Deposition of Defendant's expert shall be taken by August 14, 2009.

Supplementations after the above deadlines under Rule 26(e) will be scheduled by the Court at the request of the parties.

3

g. The parties propose all discovery shall be cut off by August 14, 2009.

h. Time for the parties to amend pleadings and add counts or parties is hereby established as September 15, 2008.

i. The parties suggest the next discovery conference with the court be July 16, 2008.

j. All dispositive motions will be due on or before 30 days after the expert discovery cut-off date in (g) above unless otherwise ordered by the court and the parties agreed pleadings, motions and briefs may be exchanged by e-mail, fax or other electronic means.

k. The parties do not anticipate filing any third party actions. Cross-claims and counterclaims shall be filed in accordance with the Federal Rules of Civil Procedure.

l. Expert witnesses must be disclosed, along with a written report prepared and signed by the witnesses, pursuant to Fed. R. Civ. P. 26(a)(2) and in accordance with the schedule set forth above.

m. Any written interrogatories or requests for production served after the relevant commencement date in the schedule set out above must be served by a date that allows the served parties the full thirty (30) days as provided by the Fed. R. Civ. P. in which to respond to the relevant discovery cut-off date.

IV. Additional Agreed Upon Discovery Matters. Pursuant to an agreement amount the parties, and at their request, discovery in this matter will proceed subject to the following provisions:

a. Where service of any document is required by the Fed. R. Civ. P., any method of service may be used, including e-mail to all counsel of record, subject to Rules

5(b)(2)(E) and 6(d). The parties acknowledge that service of large documents may be best accomplished by means other than electronic means and specifically agree to serve documents in excess of 15MB by overnight mail.

b. The parties will meet and confer to determine when privilege logs will be exchanged, and the contents of any privilege logs. Such logs need not detail the following categories of material, which the parties agree is not discoverable: (a) correspondence by any party, or its counsel, and its retained expert; (b) drafts of expert reports; and (c) material which (i) is protected from discovery by the work product doctrine, the attorney-client privilege, or any other privilege or doctrine recognized by the Court and (ii) was created on or after the filing date of this matter, February 25, 2008.

V. Parties' Proposal for Discovery regarding Electronically Stored Information.

    a. Source Code

The parties agree that source code will not be subject to discovery in this case unless an appropriate protective order is entered by the Court to guard against any inappropriate disclosure of source material, whether intentional or unintentional;

    b. E-mail

The scope of email production shall involve all discoverable matters relevant to the claim or defense of any party.

    c. Form of Production

The parties agree that where possible, electronically stored information will be produced in native, .pdf, or .tiff image form. If electronically stored information is produced in .tiff image form, the parties agree to provide load files that will allow

the images to be loaded to a document production database.

d. Meta-Data

The parties agree that meta-data will not be produced unless good cause is shown. Good cause exists when meta-data is reasonably likely to reveal information that the receiving party has identified as material to a fact or issue in dispute. Good cause also exists when meta-data is required to search natively produced documents.

e. Backup Information

Tape, floppy disk, or other formats primarily used for back-up or disaster recovery purposes should be considered not reasonably accessible and not subject to production. Archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives created for disaster recovery purposes and not used in the ordinary course of a party's business operations need not be searched or produced absent good cause.

Signatures of Counsel:

/robert v. jambor
Robert V. Jambor (ID No. 1322222)

James M. Robertson (ID No. 6207542)
Mark A. Nieds (ID No. 6225737)
LEYDIG, VOIT & MAYER, LTD.
6815 Weaver Road, Suite 300
Rockford, IL 61114
Telephone: (815) 963-7661
Facsimile: (815) 963-7664

Don V. Kelly (ID no. 6197676)
GALLOP, JOHNSON & NEUMAN, L.C.
101 S. Hanley Road, Suite 1700
St. Louis, MO 63105
Telephone: (314) 615-6000
Facsimile: (314) 615-6001

/edward j. pardon/
Jeffrey S. Ward (ID No. 6188856)
Edward J. Pardon
Gilberto Espinoza
MICHAEL BEST & FRIEDRICH LLP
180 North Stetson Avenue, Suite 2000
Chicago, IL 60601
Telephone: (312) 222-0800
Facsimile: (312) 222-0818

Attorneys for Defendant Placon Corporation

Attorneys for Plaintiff Anchor Packaging, Inc.

SO ORDERED:

_____
P. Michael Mahoney, Magistrate Judge

Date:_____

Q:\CLIENT\012586\0002\B1397682.1